## UNITED STATES v. SOUTHERN PAC. CO. et al.

District Court, D. Arizona. December 3, 1928.

No. C–3609.

434

John B. Wright, U. S. Atty., and Clarence V. Perrin, Asst. U. S. Atty., both of Tucson, Ariz.

Francis M. Hartman, of Tucson, Ariz., for defendant.

NETERER, District Judge (after stating the facts as above). The corporate relation or status of the Southern Pacific Railroad Company of Mexico as a distinct unit was not in any sense lessened or modified by the stock ownership of the Southern Pacific Company. The stock ownership does not of itself make the Southern Pacific Railroad Company of Mexico a subsidiary of the Southern Pacific Company or necessary to its operation.

The relation of debtor and creditor between the Southern Pacific Company and the Southern Pacific Railroad Company of Mexico does not change the entity status, or make it a part of the Southern Pacific Lines. The Southern Pacific Company has not in its forty-fourth annual report listed the Southern Pacific Railroad Company of Mexico as of its "transportation system" companies, aggregating a capital valuation of $379,306,040 (see Exhibit 4, page 46), but lists it with the "solely controlled affiliated companies," approximate capital valuation of $150,000,000.

While an affiliated company does not lose its identity or suffer extinguishment (Allison v. Smith, 16 Mich. 405), it does require more than mere stock ownership to affiliate a corporate entity with owner proprietorship, each operating under different rules, laws, and jurisdictions. United States v. Erie Railroad, 235 U. S. 513, 35 S. Ct. 193, 59 L. Ed. 335, relied on by the defendant, is not in point. In that case the companies were operating under stipulations with respect to each, and, while the entity of the companies was not merged, the court stated: "It will be observed that, while the companies in many respects are independent, they are also, in some respects at least, dependent. The telegraph is a facility of the railroad company and necessary to its operations, the telegraph company doing what the railroad company did for itself before the agreement, and but for the agreement with the telegraph company would have to do. The railroad company has an interest in the receipts of the other company, and is concerned in their amount and the maintenance and increase of the telegraph business. The control of the telegraph company's instrumentalities and its offices and operators is in a 'competent joint superintendent of telegraph,' in whose appointment the railroad company has a voice, and whom it also may discharge."

Such "operation was the purpose of the two letters which are the basis of the indictment, and the business comes within the description of the statute and is 'current.'" In the instant case we have mail matter addressed by a representative of the Southern Pacific Railroad Company of Mexico to an officer of the same company at Tucson, Ariz. The matter was carried over the Southern Pacific Railroad Company of Mexico, and then carried by the defendant Southern Pacific Company over its line, a post route, without the payment of postage for delivery to the addressee.

In United States v. Erie Railroad Co., supra, the interests of the railroad company and the telegraph company were united. There was a common interest in the receipts and in the maintenance and increase of business. In the instant case there was no common corporate direct interest. The only remote interest was that the Southern Pacific Company is and was a creditor of the Southern Pacific Railroad Company of Mexico, and the financial power back of the Southern Pacific Railroad Company of Mexico, and a stockholder.

While all lines operated by the Southern Pacific Company under leasehold interest, including sole stock ownership, in the United States, has the sanction and approval of Interstate Commerce Commission, the record is barren of any such approval of unity of interest of the defendant companies and conclusively shows the contrary. Whether a domestic corporation operating lines of railroads in the United States may enter into operating agreements with a corporation engaged in exclusively foreign territory, and without the jurisdiction and control of the Interstate Commerce Commission, is not in issue.

The Southern Pacific Company and the Southern Pacific Railroad Company of Mexico are not united in a common operative system of railways but are independent units, and the Southern Pacific Company has no more right to carry the mail matter without the payment of postage than would any other stockholder of a corporation similarly placed; and, if it can, by the same token it can carry like mail of all its stockholders, of whom it has more than 58,000, and the same privilege would apply to all carrying corporations over post routes and their stockholders throughout the United States.

A judgment finding defendant Southern Pacific Company guilty as charged will be entered, and December 10th next ensuing is appointed for assessing the penalty provided by law, and entering final judgment.